UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 19-63034-CIV-ALTMAN/HUNT

SUPRENA DANIELS,

        Plaintiff,
vs.

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This CAUSE is before this Court on Plaintiff's Motion for Summary Judgment, ECF No. 13, and Defendant's Motion for Summary Judgment, ECF No. 14. The Honorable Roy K Altman referred this case to the undersigned United States Magistrate Judge for a Report and Recommendation. S*ee* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Having carefully reviewed the motions, the responses, the entire case file and applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED, and Defendant's Motion for Summary Judgment be GRANTED.

## BACKGROUND

**I.**    **Procedural History**

Suprena Daniels, Plaintiff, filed for Disability Insurance Benefits and Supplemental Security Income on October 8, 2014, alleging an onset date of March 11, 2013. ECF No. 13 at 1-2. Plaintiff's claims were denied at the administrative levels on May 19, 2015, and July 22, 2015. *Id.* at 1. Plaintiff then requested a hearing before an Administrative Law

Judge (ALJ) which took place on April 4, 2017. *Id.*  The ALJ issued a decision denying those claims on February 9, 2018. *Id.* at 2.

To determine whether a claimant is disabled, the Social Security Regulations outline a five-step process:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F. 3d 1176, 1178 (11th Cir. 2011).

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 11, 2013. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: nervous system disorder/polyneuropathy; bilateral foot hyperkeratosis; peripheral neuropathy; mild arthritic changes to AC joints; mild osteoarthritis of the first carpometacarpal joints bilaterally.  *Id.*  At step three, the ALJ found that Plaintiff does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the Listings.  *Id.*  At step four, the ALJ found that Plaintiff has the RFC

> to perform light work…except that she could lift and carry up to 20 pounds occasionally and 10 pounds frequently; she could stand and/or walk for up to two hours total during an 8 hour workday; and sit for six hours during an 8 hour workday; she could occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl and be exposed to humidity, wetness, extreme temperatures, vibrating surfaces and tools, along with occasional use of a cane; she is precluded from climbing ladders/ropes/scaffolds, workplace hazards, such as unprotected heights, moving mechanical parts, operating heavy machinery; she could frequently

operate a motor vehicle; she also requires level and even flooring or walking surfaces.

*Id.* at 2-3.

At step five, the ALJ determined that Plaintiff could not perform her past relevant work, but that given Plaintiff's age, education level and assessed RFC, jobs Plaintiff could perform existed in significant numbers in the national economy. *Id.* at 3. Following the ALJ's unfavorable decision, the Appeals Council denied Plaintiff's request for review on October 22, 2019. *Id.* Having exhausted all administrative remedies, this case is properly before this Court.

## II.     Standard of Review

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d, 1219, 1221 (11th Cir. 2002) (citing 42 U.S.C. § 405(g)). Whether the ALJ applied the correct legal standards is a question of law, which this Court reviews de novo. *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, "taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)

3

(citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  Even if the evidence preponderates against the ALJ's decision, the reviewing court must affirm if the decision applies the correct legal standard and is supported by substantial evidence.  *Id.* (citing *Phillips*, 357 F.3d at 1240 n.8).

### III. Analysis

#### a. Whether the ALJ's decision is based upon substantial evidence.

Plaintiff first asserts that the ALJ erred by failing to include in her RFC assessment any handling, fingering, feeling or reaching limitations caused by Plaintiff's carpal tunnel syndrome or cervical radiculopathy.  Plaintiff complains that the ALJ further fails to include any rationale for why the limitations were omitted. Plaintiff argues that the record contains ample objective medical evidence supporting the complaints and notes that the ALJ acknowledged Plaintiff's allegations and evidence relating to the limitations.  Relatedly, Plaintiff asserts that the ALJ failed to explain why she dismissed Dr. Tanya Feke's medical opinion regarding Plaintiff's handling, fingering, feeling and reaching limitations.  Although the ALJ gave considerable weight to Dr. Feke's opinion, Plaintiff contends it was reversible error to not incorporate those limitations or explain why the limitations were omitted.

> Regarding Dr. Feke, the ALJ wrote:
>
> The undersigned gives considerable weight to the opinion of Dr. Feke who opined that the claimant was capable of a reduced range of light exertion on a sustained basis.  Dr. Feke reviewed the record and provided an explanation with references to support her assessment.  Among some of the comments, she noted the claimant's intermittent gait abnormality, no flare ups, mild arthritis and polyneuropathy, and the lack of neurological deficits. Dr. Feke notes that the claimant was noted to use a cane in 2011 and 2015, but used intermittently (Exhibits B19F).  The notes limitations in exposures to concentrated amounts of dust, odors, fumes or pulmonary

> irritants or the level of noise in work environments are not reasonably connected to any severe impairment or supported in the medical evidence.
>
> The undersigned agrees with the opinion of Dr. Feke as treatment notes as recent as June 2018, show that the claimant had a normal gait, with normal range of motion and no edema (Exhibits B21F-B22F.)

ECF No. 12 at 27.

As Defendant points out, the ALJ in her decision noted that several doctors opined that Plaintiff had a full, normal range of motion. As of May 2015, Dr. Sultan Ahmed stated that Plaintiff had "normal bilateral hand strength without atrophy." ECF No. 12 at 25 (Citing Exhibit B7F). Later in 2015, Plaintiff was also found to have a "full range of motion," despite carpal tunnel syndrome. *Id.* (citing Ex. B13F). Plaintiff was again found to have a "full range of motion" in October 2015. *Id.* (citing Ex. B12F). In April 2016, Plaintiff was found to have "no mobility limitations or joint instability, pain, tingling or weakness." *Id.* at 26 (citing Ex. B12F). In July 2016, Plaintiff was found to have a "full, normal range of motion," and in November of that year demonstrated no weakness related to her carpal tunnel syndrome complaint. *Id.* (citing Ex. B13F). In July 2017 an examination regarding "arm, neck and back pain" showed a "full, normal range of motion." *Id.* at 27 (citing Ex. B21F-B22F.) Plaintiff in June 2018 was again found to have a normal…range of motion." *Id.* Citing these findings, the ALJ noted that "the record routinely shows since 2011 no weakness, little to acute distress, full strength and range of motion, without crepitation, with normal motor functioning, muscle bulk and tone, coordination." *Id.* at 27 (citing Ex. B1F, B7F, B9F, B12F, and B18F).

Although, as Plaintiff points out, the ALJ did acknowledge Plaintiff's allegations and evidence regarding her motion limitations, the ALJ clearly pointed out multiple instances where physicians disagreed that those limitations existed. Plaintiff claims that the ALJ

failed to include any rationale for omitting Plaintiff's claimed limitations, but the ALJ's opinion is replete with contrary findings, backed up with record citations that support those findings.  Further, although the ALJ gave "considerable weight" to Dr. Feke's findings, the ALJ indicated that she agreed with Dr. Feke only to the extent that, as recently as June 2018, the claimant had a "normal range of motion."  ECF No. 12 at 27.  In doing so, the ALJ cited to specific record evidence other than Dr. Feke's findings, Exhibits B21F-B22F, which supported the ALJ's determinations.  Although the ALJ could have perhaps been clearer, it is plain that the ALJ agreed with the wide range of opinions and evidence that supported a finding that Plaintiff had a normal range of motion; that the ALJ disagreed with any finding that Plaintiff had a more limited range of motion; and that the ALJ had ample evidence to support her decision.  It was therefore not error to omit limitations on Plaintiff's range of motion in the RFC.

Plaintiff further argues that the failure to include these limitations renders any vocational expert testimony unreliable, thereby rendering the ALJ's reliance on that testimony error.  Plaintiff argues that "in order for the testimony of a vocational specialist 'to constitute substantial evidence, the ALJ must post a hypothetical which comprises all of the claimant's impairments.'" ECF No. 13 at 20 (quoting *Wilson*, 284 F.3d at 1227).  As the ALJ failed to include the reaching limitation in particular,[1] Plaintiff argues, any vocational testimony based on that hypothetical fails to constitute substantial evidence on which the ALJ could rely.  However, "[t]he ALJ [is] not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Deters v. Comm'r of*

---

[1] Despite not including the limitations in the RFC, the ALJ nonetheless did ask the vocational expert about limitations as to "frequent handling, fingering and feeling." ECF No. 13 at 19 (citing ECF No. 12 at 67-68).

6

*Soc. Sec.,* 301 F. App'x 886, 888 (11th Cir. 2008) (quoting *Crawford,* 363 F.3d at 1161). The ALJ here has properly rejected the findings regarding Plaintiff's limited range of motion.

The standard of review requires this Court to affirm an ALJ's decision so long as the decision applies the correct legal standard and is supported by substantial evidence, even if the evidence preponderates against the ALJ's decision. *Dyer*, 395 F.3d at 1210 (citing *Phillips*, 357 F.3d at 1240 n.8). Here, the ALJ applied the correct legal standard, and, as evidenced from the ALJ's discussion, the decision was supported by substantial evidence. Accordingly, Plaintiff's argument is denied on this point.

### b. Whether the ALJ's decision to apply medical vocational grid rule 202.13 for light exertion instead of grid rule 201.12 was error.

Here, Plaintiff argues that the ALJ's use of the medical grid rule for light exertion, 202.13, rather than the medical grid rule for sedentary exertion, 201.12, was error. Plaintiff contends that the ALJ's finding that Plaintiff would stand/walk only 2 hours out of an 8-hour workday, and that she must occasionally walk with a cane, renders her capable of only sedentary work under 20 C.F.R. § 404.1567. Plaintiff further complains that the ALJ gave no explanation as to why the ALJ found Plaintiff was capable of light exertion.

In relevant part, 20 C.F.R. § 404.1567 contains the following definitions:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most

>of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

Plaintiff argues, quoting Social Security Ruling 83-10, that "the primary difference between sedentary and most light jobs," is the amount of walking and standing required. Plaintiff contends that given the ALJ's finding that Plaintiff could stand/walk only 2 hours out of an 8-hour day, Plaintiff should have been assessed as capable only of sedentary work and assessed under that medical vocational grid.  Doing so, Plaintiff points out, would have directed a finding that Plaintiff was disabled. Plaintiff also complains that the ALJ offered no explanation as to why she misclassified Plaintiff.

Social Security Ruling 83-10, issued in 1983, does note that *most* light jobs are not performed in the seated position, but the undersigned cannot help but notice that immediately after Plaintiff's quoted section the Ruling explicitly states, similarly to 20 C.F.R. § 404.1567, that  "[a] job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semiskilled jobs in these particular instances)."   A plain reading shows seated work is not excluded from light work, even if it is uncommon.

The undersigned further finds that the ALJ's decision to classify Plaintiff as capable of "light work," and the ALJ's use of the corresponding medical vocational grid, is supported by the record.  First, it is uncontested that Plaintiff was capable of the lifting and carrying requirements of that work category.  Further, the ALJ did not simply find

8

Plaintiff capable of "light work." Instead, she explicitly noted that "the claimant's ability to perform all or substantially all of the requirements of [light work] has been impeded by additional limitations." ECF No. 12 at 28, Given an explicit explanation of Plaintiff's stand/walk limitations, the vocational expert nonetheless concluded that Plaintiff would be capable of working as a gate attendant or ticket seller, two occupations classified as exertionally light that Plaintiff could nonetheless perform. ECF No. 12 at 29, 68-70. Indeed, although Plaintiff's attorney did not specifically address "reaching" limitation, the vocational expert nonetheless testified that the jobs could be done with only "frequent" use of a particular arm. ECF No. 12 at 73-74. The ALJ presented to the vocational expert a hypothetical comprised of all the claimant's recognized impairments. Put simply, the vocational expert, aware of all the pertinent limitations, found that Plaintiff was capable of performing at least two jobs in the national economy. Accordingly, Plaintiff's argument should be denied on this point.

**IV.   Recommendation**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED, and that Defendant's Motion for Summary Judgment be GRANTED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 22nd day of January 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All Counsel of Record